cents, on the 30th of November 1810, and after the paper aforesaid, purporting to be an assignment from *Gray* to the defendant, was transmitted and delivered to *Earle*; and that if interest could be demanded and received on said judgment, that there would still have been due and owing thereon a greater amount than $150. The plaintiff then moved the court for their opinion and direction to the jury, that if they believed the facts so given in evidence and admitted, the plaintiffs are entitled to recover. Which direction and opinion the Court, [*Bland*, A. J.] accordingly gave. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

1817.

Richardson
vs
Stansbury

The cause was argued before CHASE, Ch. J. and JOHNSON, MARTIN, and DORSEY, J. by

*Winder*, for the Appellant, and by
*Hoffman*, for the Appellees.

### JUDGMENT AFFIRMED.

---

### RICHARDSON'S Adm'x. vs. STANSBURY.

JUNE.

APPEAL from *Baltimore* County Court. This was an action of *assumpsit* for money had and received. The general issue was pleaded. In the trial the plaintiff, (now appellee,) gave evidence that *Aquila Miles*, late of *Baltimore* county, deceased, appointed by his last will and testament *Arnold Richardson*, (the intestate of the defendant, the appellant,) *John Hutchins* and *Dixon Stansbury*, (the plaintiff,) executors of the said will; and that the said *Richardson*, *Hutchins* and *Stansbury*, took out joint letters testamentary on the said estate. The plaintiff also read in evidence the following administration accounts on the estate of the said *Miles*, rendered to the orphans court of *Baltimore* county, to wit: The 1st account, viz.

A R, J H and D S, were by the will of A M constituted his executors, and they obtained joint letters testamentary on his estate. An account was set led with the orphans court, and a commission of 7 1-2 p c. allowed to the executors, which sum was retained by A R, who refused to pay any part thereof to D S, upon the ground that the business of the administration of the estate of A M was done and transacted by him on y In an action for money had and received, brought by D S against A R—*Held*, that D S was entitled to recover, and that the jury ought not to make any abatement from his demand because of A R's having solely done and transacted the business of the administration

| | | |
|---|---:|---:|
| Payments and disbursements, | $16,419 | 92 |
| Balance due the estate, | 1,859 | 71 |
| Estate accounted for, | $13,279 | 63 |
| Additional account—Balance former acc't. | $1,859 | 71 |
| Receipts, | 254 | 07 |
| | $2,113 | 78 |

| | | | | |
|---|---:|---:|---:|---:|
| Payments and disbursements, | $987 | 92 | | |
| Commission to executors on | | | | |
| $18,533 70 at 7½ p. c. | 1,390 | 02 | | |
| | | | 2,377 | 94 |
| **Estate overpaid,** | | | **$264** | **16** |

1817.

Woods
vs
Schroeder

The plaintiff further gave evidence, that at the time of rendering the said account to the orphans court, there remained in the hands of said *Richardson* the amount of $1125 86. part of the assets of the said estate received by him in course of the administration, and retained by him as so much of the commission allowed by said second account, and that he refused to pay to the plaintiff any part of the said sum so retained by him, the commission so allowed by the orphans court on the administration of said estate. The defendant then gave in evidence, that the business of the administration of the said *Miles's* estate was done and transacted by the said *Richardson* only. The defendant then moved the court for their direction to the jury, that if they believe the evidence so offered, that then the plaintiff is not entitled to recover. But if they should be of opinion that the plaintiff is entitled, then to direct the jury that they may and ought, (if they believe the evidence,) abate the plaintiff's claim, by deducting therefrom such an amount as they should believe a reasonable compensation to be made by the plaintiff to the defendant, for the said *Richardson,* having solely done and transacted the business of said administration. But the Court, [*Bland,* A. J.] refused to give either of the directions above prayed, and was of opinion, and directed the jury, that the plaintiff was entitled to recover, and that the jury ought not to make any abatement from his demand because of the said *Richardson's* having solely done and transacted the business of the said administration. The defendant excepted; and the verdict and judgment being for the plaintiff, the defendant appealed to this court.

The cause was argued before BUCHANAN, JOHNSON, and DORSEY, J.

*Kell* and *R. Johnson,* for the Appellant, cited 1 *Com. on Cont.* 328. 2 *Com. on Cont.* 131. 3 *Bac. Ab.* tit. *Executors,* 32; and *Dale vs. Sollet,* 4 *Burr.* 2133.

*Winder,* for Appellee.

JUDGMENT AFFIRMED.

---

JUNE.

A check payable to bearer passes by delivery, and the bearer of it may sue on it as on an inland bill of exchange, and is entitled to recover in an action on it as such, and for money lent and advanced.

WOODS, *et al.* vs. SCHROEDER.

APPEAL from *Baltimore* County Court. *Assumpsit* on an inland bill of exchange payable to bearer, and for money lent and advanced. The general issue was pleaded.

The following case was stated and submitted to the court, viz. It is admitted that the check mentioned in the declaration, and herewith exhibited, to wit: