GEORGE BASSETT and ELIZABETH BASSETT, his
            Wife, *vs.* JOHN A. MILLER.

A widow gave up the right to administer upon the estate of her husband, in
consideration of receiving from the party in whose favor she relinquished,
and who was a stranger to the estate, all the commissions except $100, and
such party was appointed administrator by the orphans court. HELD, that
this contract is valid and binding.

APPEAL from the Circuit Court for Washington county.

*Assumpsit* by the appellants against the appellee.    The first
and second counts in the declaration allege a contract between
the plaintiff, Elizabeth, while sole and the widow of Mahlon
Ely, deceased, that if she, being entitled to administer on the
estate of her deceased husband, would relinquish her right and
permit the defendant to administer, he would pay over to her all
the net commissions except the sum of $100; that she did relin-
quish and that Miller was appointed by the orphans court ad-
ministrator, and the commissions allowed him were $1982.78,
which sum, less the $100, was due the plaintiffs by the con-
tract, but that Miller refused to pay it.    To these counts the
defendant demurred, and the court ruled the demurrer good.
The other counts were in *indebitatus assumpsit,* to which the
defendant pleaded *non assumpsit.*

*Exception.* The plaintiffs proved the contract as stated in
the declaration, and that defendant administered and received
the sum of $1982.78 as commissions.    The defendant then
prayed the court to instruct the jury, that if they believe from
the evidence that the money claimed by the plaintiffs, and for
which this suit is brought, is alleged to be due on a contract
or promise of defendant to the plaintiff, Elizabeth, that if she

would relinquish her right to take out letters of administration on the estate of Mahlon Ely, her husband, and the orphans court should, in consequence, grant letters to him, that he, the defendant, would, in consequence of such relinquishment, pay over to her all the commissions allowed him by the orphans court for his administration of said estate, with the exception of $100, that then such contract or promise is against the policy of the law and void, and the plaintiffs are not entitled to recover.

This prayer the court (PERRY, J.) granted, and to this ruling the plaintiffs excepted; and the verdict and judgment being against them, appealed.

The cause was argued before ECCLESTON, TUCK and MASON, J.

*Thomas Harbine* for the appellants, argued, that there can be no pretence that Mrs. Bassett was actuated by any improper motive or intent in making the contract with Miller, nor can the most rigid construction of the whole transaction impute to her any the least want of moral consideration, or disregard of the rights of third persons or the public. But upon the contrary, it would appear that she was moved by the highest moral and beneficial considerations, *viz.*, that of obtaining, by the relinquishment of a valuable legal right, the means of support for her helpless children, and at the same time bringing to the administration of the estate one whom she *supposed* to be honest, and at any rate much more capable than herself. Such being the relation of Mrs. Bassett to this subject, I contend there has been no law, statute or common, violated, nor would any public policy be contravened by the enforcement of this contract. That this contract is not, in fact, of the character or species which are denounced by the law as being against policy. And a contract, before it can be regarded by courts as against policy, must appear plainly to contravene some public right or interest. 1 *H. & G.*, 484, *Owings vs. Owings. Chitty on Cont.*, 575, 572. *Story on Sales, secs.* 489, 490. 9 *Eng. C. L. Rep.*, 391, *Richardson vs. Mellish.*

*Ibid.*, 444, *Davis vs. The Bank of England. 44 Eng. C. L. Rep.*, 78, *The Fishmongers Co. vs. Robertson. 5 Term Rep.*, 639, *Hutton vs. Lewis, et al. Act of* 1798, *ch.* 101, *sub-ch.* 5. *Byles on Bills*, 104. *Cro. Jac.*, 612, *Parker vs. Brown.*

*William Price* for the appellee, argued, that the attempt in this case was to farm out or delegate the right to administration, and all contracts intended to effect such an object are against the policy of the law and void. 1 *H. & G.*, 492, *Owings vs. Owings.* 8 *Gill*, 286, *Ex-parte Young. Act of* 1798, *ch.* 101, *sub-ch.* 14, *sec.* 1. 4 *Md. Ch. Dec.*, 368, *Brown vs. Stewart.*

MASON, J., delivered the opinion of this court.

So far from the case of *Owings vs. Owings,* 1 *Har. & Gill,* 484, being an authority against the validity of the contract declared upon in this case, the court expressly refrain from deciding the point. The question upon which that action was defeated was not that the contract was not valid and binding, but that the plaintiff, who brought the suit, was not the proper party to maintain the action. It is true the court say in their opinion, "it is not consistent with the policy of the law to encourage such transfers, as, in bad hands, the practice might lead to gross violations of trusts and the most pernicious consequences." While we are willing to concede the propriety of this suggestion, we do not admit that this *dictum* is sufficient to control the court in the case now before them, or to constitute the rule of law to govern us in subsequent cases. The reason assigned why such transfers are against the policy of the law, namely, because, "in bad hands, the practice might lead to gross violations of trusts," &c., has not the force which it is supposed to have, for the reason, that all such contracts or transfers with parties not preferred by law must be subject to the sanction and confirmation of the orphans court; and it is not to be supposed that that court would assent to the appointment of an unworthy representative in order merely to carry out such an arrangement.

While such contracts should not be *encouraged*, it is far better, in view of public policy and sound morality, that they should be sustained, than that conduct should be tolerated, by this court, by which solemn engagements may be repudiated, and fraud and deception perpetrated with impunity.

*Judgment reversed and procedendo awarded.*