*In re* KING'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—ASSIGNMENT OF COMPENSATION—PUBLIC POLICY.
   An assignment by an executor, to whom letters testamentary have been duly granted, of all claims for compensation to be earned in defending against an appeal from the probate of the will, is void as against public policy.

2. SAME—COMPENSATION.
   Under 2 How. Stat. §§ 5959, 9015, an executor or administrator is entitled to a commission on the amount of personalty collected and real estate sold, or to $1 per day for actual services, as he may elect; but this is the limit of his right to compensation, except in cases of unusual difficulty or responsibility.

Error to Wayne; Donovan, J. Submitted June 4, 1896. Decided July 21, 1896.

Rachel L. Doty appealed from an order of the probate court disallowing her claim for services as executrix of the last will and testament of Adeline King, deceased. From a judgment for the estate (represented by George W. Bates) on verdict directed by the court, claimant brings error. Reversed.

*Ervin Palmer*, for appellant.

*Otto Kirchner*, for appellee.

MONTGOMERY, J. The appellant was named as executrix of the last will and testament of deceased. The will was offered for, and admitted to, probate. Mrs. Doty qualified as executrix, and gave a bond and entered upon the discharge of her duties as such. An appeal from the probate of the will was taken, and two trials had in the circuit; a judgment denying probate of the will having been reversed by this court, and the case remanded for another trial. The order admitting the will to probate was finally entered by the circuit court on the 19th day of March, 1895. On the 11th day of April, 1895, Mrs. Doty filed a claim for an allowance to her for services as executrix, containing, among other items, charges as follows:

"*April 2, 1894.* To services as executrix, 59 days, during the year from April 1, 1893, to date, looking after witnesses, etc., $295.

"*May 23, 1894.* To services as executrix from and including April 3, 1894, to date, 35 days, attending trial in the circuit court, assisting in the procuring of witnesses, and in the preparation and carrying on of the case, $350.

"For extraordinary services,—for responsibility and services in and about the preparation, hunting for witnesses and hunting up testimony, and assisting in the preparation of the second trial in the matter of probating the will of deceased in the circuit court for the county of Wayne,—$1,000.

                              "RACHEL L. DOTY."

This claim was disallowed, the case appealed to the circuit court, and the cause was tried before Hon. J. W. Donovan, circuit judge, with a jury. Before the jury was impaneled, counsel for the appellant objected to the impaneling of a jury on the ground that it appeared that the claim was for extraordinary services, and that, therefore, the allowance was within the discretion of the probate judge in the first instance, and of the circuit judge on appeal. The case was, however, tried by a jury, but a verdict was directed by the circuit judge in favor of

the estate, and subsequently a written finding of facts was filed. The claimant, on the trial, offered evidence showing the rendition of the services in question, and some evidence as to value; and the defendant also offered certain oral testimony, which it will not be necessary to advert to, as counsel are now agreed that the case turns upon the construction of a certain written agreement, and upon certain other legal questions which are raised.

Mrs. Doty was named as one of the legatees in the will, and it appears that on the 20th of June, 1892, an agreement was made between her and George W. Bates, who is interested in the estate, by which she and others assigned to him all interest in the estate, for a consideration paid to her; and it is contended that, by the terms of this agreement, Mrs. Doty assigned her right to compensation for services to be thereafter performed on behalf of the estate. The agreement is in two parts, and reads as follows:

"We, the undersigned, for valuable consideration to us in hand paid, the receipt whereof is hereby confessed and acknowledged, do hereby jointly and severally sell, assign, transfer, and set over to and unto George W. Bates, of Detroit, Michigan, all claim or claims which we or any of us now have or claim to have, or which we or any of us may hereafter have or claim to have, against the estate of Adeline King, late of Detroit, deceased, whether for or on account of moneys paid by us or either of us, or that may hereafter be paid out by us or either of us, or for or on account of services of any kind rendered by us or either of us, or for us or either of us, by any person or persons, in aid of the probate of the alleged will of Adeline King, late of Detroit, deceased.

"Detroit, June 20, A. D. 1892.

"Louise K. Roney.
"Rachel L. Doty.
"Edmund K. Doty.
"Hoyt Post.
"John Atkinson.
"D. W. King.

"For a like consideration to us in hand paid, the receipt whereof we do hereby confess and acknowledge, we do also assign, sell, and set over to and unto George W. Bates, all right, title, and interest which we or either of us now have in, to, and out of the estate of Adeline King, late of Detroit, deceased, and all claims which we or any of us have against the estate of said Adeline King, deceased, of whatever name or nature.

"DETROIT, June 20, 1892.

"LOUISE K. RONEY.
"RACHEL L. DOTY.
"EDMUND K. DOTY.
"D. W. KING."

The circuit judge held in accordance with this contention.

It is contended by the appellant that the instrument is not open to this construction, and that, if it is, such an assignment by an executrix of fees to be earned in the future is against public policy and void.

It is at least doubtful whether the parties contemplated that services were to be rendered by Mrs. Doty after the making of this agreement, the compensation for which Mr. Bates would be entitled to receive. But we find it unnecessary to determine whether the charge for services subsequently rendered is strictly within the terms of this agreement, as we are of the opinion that, if the instrument should be so construed, the contention of the appellant's counsel that the agreement is void on the grounds of public policy is sound. Where an executor has offered a will for probate, and the will has been admitted to probate, and letters testamentary granted, it becomes the duty of such executor, in his capacity as such, to defend the will, and he is entitled to expend money of the estate in so doing, and to render services for the estate, and at the charge of the estate, if in making such expenditures he acts in good faith. *Glass* v. *Ramsey*, 9 Gill, 456; *Compton* v. *Barnes*, 4 Gill, 55 (45 Am. Dec. 115); *Perrine* v. *Applegate*, 14 N. J. Eq.

531; *Hazard* v. *Engs*, 14 R. I. 5. We express no opinion as to what the right of the executor might be before an actual appointment in the probate court, or in case of an unsuccessful attempt to probate the will; but in the present case it became the duty of Mrs. Doty, as executrix, to defend against the appeal. This being so, the service which she was required to render was a service rendered in the performance of a sacred duty owing to the estate; and we think it follows logically, and upon authority, that an assignment of the compensation to be awarded her for such services is against public policy. A case directly in point is *In re Worthington*, 141 N. Y. 9, in which the reason for the rule is clearly stated as follows:

"If the emoluments of the office might be separated from it, and transferred to another, it would leave the duties of the office as a barren charge to be borne by the incumbent. It is evident that transfers of this kind would not tend to promote activity and care in the discharge of official obligations. * * * When the hope of compensation is gone, a strong incentive to diligence and zeal is wanting, and the temptation to be content with a lax or perfunctory administration of the trust becomes more persuasive."

But it is contended that the proofs fail to show the claimant entitled to compensation, for the reason that there is no evidence to show that the services charged for were of unusual difficulty and responsibility. 2 How. Stat. § 9015, provides compensation for executors and administrators, as follows:

"For actual services, and in lieu of all other fees, one dollar per day and fifty cents for each half day, and their actual and necessary disbursements for the benefit of the estate; but the probate court may allow executors and administrators, in cases of unusual difficulty or responsibility, such further sum as the judge may deem reasonable."

Section 5959 provides for compensating the executor or administrator by a commission on the amount of personal

estate collected and accounted for, and the proceeds of real estate sold by order of the court, at a certain rate per cent., and further provides:

"And in all cases such further allowances may be made as the judge of probate shall deem just and reasonable, for any extraordinary services not required of an executor or administrator in the common course of his duty."

It would seem that an executor might elect to take compensation under either of these sections, but that, if he elects to take for actual services in lieu of the percentage, the compensation is fixed at $1 per day, except in cases of unusual difficulty or responsibility. But the case did not turn upon this point, and as, in any view, the claimant was entitled to some recovery, we think the case should be remanded. We are asked to enter judgment here for $1,645; but this is at the rate of $5 and $10 a day for the services rendered, whereas the statute fixes the per diem compensation at $1; and we think it fairer to the parties that the case be remanded, in order that the circuit judge may exercise a reasonable discretion in the allowance for extraordinary services and responsibility, having in view the question of the necessity for such services, and such proofs as may be offered on the subject.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.