(Decided June 22nd, 1897).

ELIZABETH C. MOTT, Executrix of GEORGE P. MOTT, *vs.* OSCAR A. FOWLER, Administrator *D. B. N.* of CALEB S. MALTBY.

*Contracts—Consideration—Promise to Act as Administrator Without Compensation.*

A promise by a party to serve as administrator of an estate without compensation is valid and based upon a sufficient consideration when the persons to whom the promise is made waive their right to administer and become sureties on the bond of the party making the promise.

Appeal from the Orphans' Court of Baltimore City.

The cause was submitted to the Court on briefs by *Abraham Sharp* for the appellant, and *Robert H. Smith* and *Emmons & Emmons*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

. It would be a reproach to the law if such a claim as the appellant is making in this case could be recovered.

It appears that the late Caleb S. Maltby, who was a man of large means residing in the State of Connecticut, died there intestate. The principal administration upon his estate was had in that State. But he also owned some valuable leasehold property in the city of Baltimore, which his widow and two daughters sold, they also being residents of Connecticut. They were advised that they could not make a satisfactory title to the Maryland leasehold estate without administering here. Not desiring to be troubled with the details of this administration, and only for the purpose of making a good title to property they had already sold, they requested the late George P. Mott, who was then in their employ, and had been for a long time employed by the late Mr. Maltby, to act as administrator without compensation. He replied that he would be happy to act in the capacity mentioned if it would spare "the ladies trouble and expense." And in the same letter in which he made this statement he estimated that the total expenses of administration, not including attorney's fees, would not exceed $300, giving the two items, viz., State tax on commissions and Court expenses, and excluding all commissions for himself except, of course, sufficient to pay the State tax on administrator's commissions. But in addition to this he stated again and again that he was acting without compensation, and when congratulated on the fact that he would·get commissions on a large estate, he replied that " it did not amount to anything for him, only the honor." But it is conceded that Mr. Mott agreed to act as administrator without compensation. He died, however, before completing the administration, leaving a will in which the

appellant, his widow, was named as executrix.  She filed a petition in the Orphans' Court of Baltimore City, claiming commissions for her husband as administrator of C. S. Maltby, and the Court below refused to allow any, and passed an order dismissing her petition.  From this order she has appealed.

As we have already said the claim here set up is without merit.  In the case of *Bassett* v. *Miller*, 8 Md. 548, in which a widow gave up her right to administer upon the estate of her husband in consideration of receiving from the party in whose favor she relinquished, all the commissions except $100, this Court, MASON, J., delivering the opinion, said :  " While such contracts should not be encouraged, it is far better in view of public policy and sound morality that they should be sustained, than that conduct should be tolerated by this Court, by which solemn engagements may be repudiated and fraud and deception perpetrated with impunity."  But the "engagement," contract or whatever it may be called, which was made between the late Mr. Mott and the widow and children of the late C. S. Maltby, by which the former was to act as administrator without commission, can be sustained upon well settled principles of law.  It is said to be without consideration ; but not so.  The widow and children in consideration of the agreement of Mr. Mott not only waived a valuable right—that of administering—which the law (Art. 93, sec. 18, Code Md.) vested in them, but they assumed the obligation of sureties on his bond for the faithful performance of his duties as administrator.  These constitute sufficient consideration.  *Drury* v. *Briscoe*, 42 Md. 154; *Steele* v. *Steele*, 75 Md. 477 ; *Ohlendorf* v. *Kanne*, 66 Md. 499.  As was said in *McCord* v. *Blewitt*, 2 McCord (Chancery Rep.), 90, " He voluntarily undertook the duty under the express stipulation that he would not charge commissions, and he cannot now be permitted to violate that contract.  That which was expressly declared to have been intended as a gratuity shall not now be converted into a demand."  We do not consider it necessary to fortify our

conclusion by the citation of other authorities, or by a dis-
cussion of the right of the Orphans' Court, *in its discretion*
to refuse commissions in a case like this. The testator of
the appellant made a valid and binding agreement, which
was binding upon him during his life, and now that he is
dead, it is equally binding upon his executrix.

*Order affirmed with costs.*

(Decided June 22nd, 1897).