(Decided January 4th, 1898).

WILLIAM R. MARTIN, Admr. of MARY K. JONES *vs.* GEORGIA G. JONES, Surviving Administratrix.

*Executors and Administrators—Commissions—Death of One Administrator Before Performance of Services—Appeal.*

Letters of administration upon an estate were granted to two persons. One of them died soon afterwards, before any inventory was filed and the surviving administratrix proceeded to settle the estate, and in the final account full commissions were awarded to her. More than a year afterwards the administrator of the deceased administratrix filed a petition in the Orphans' Court, asking that the accounts be reopened and that one-half of the commissions be allowed to the estate of the deceased administratrix. *Held*, That the accounts should not be reopened long after the expiration of the time allowed for appeals from orders of the Orphans' Court, and that the Court committed no error in awarding the entire commissions to the surviving administratrix by whom all the work of settling the estate was performed.

An appeal lies from an order of the Orphans' Court refusing to re-open an executor's accounts on the ground of error.

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ. (October 21 and 22, 1897).

*George M. Upshur* for the appellant.

*Charles Marshall* and *Samuel D. Schmucker* (with whom was *George Whitelock* on the brief), for the appellee.

ROBERTS, J., delivered the opinion of the Court.

This appeal is taken from an order of the Orphans' Court of Baltimore City dismissing the petition of the appellant. The facts are that Isaac D. Jones died intestate in the early part of July, 1893, leaving surviving him a widow, Mary K. Jones, and an only child, Georgia G. Jones, who is the appellee in this case. Letters of administration were on the 19th of July, 1893, granted by said Court to the widow and daughter of said intestate. The widow survived the intestate a short while, dying in the month of December, 1893, up to which time no inventory had been filed and but little progress made in the administration of the estate. After the death of the widow the appellee filed an inventory of the personal estate and passed two accounts of her administration in the Orphans' Court, the first on the 19th of July, 1894, the second on the 19th of July, 1895, on each of which she was allowed full commissions. On the passage of these two accounts, almost the entire estate was accounted for and settled, except a small sum which was retained to meet the expenses of certain litigation (not exceeding two hundred dollars). It was not until the expiration of nearly a year and a half after the passage of the second account by the appellee in the Court below, that the appellant, as administrator of the said Mary K. Jones, deceased, filed his petition in the Court below praying that said two accounts might be reopened and the appellant be permitted to receive the one-half of the commissions allowed to the appellee in the first and second accounts settled by her as surviving administratrix of the said Isaac D.

Jones, deceased. The appellee answered this petition denying all the material allegations therein, which go to make up this controversy. Both parties offered testimony in support of their respective contentions, but the proof taken affords but little assistance in the solution of the questions contained in the record.

The first question on this appeal which we shall consider is whether after the lapse of seventeen months from the date of the passage of the second administration account, the Court below would be justified in reopening and restating the first and second accounts, which the appellee has settled therein. This Court has undoubtedly held that, "so long as an estate is open (which means not finally closed and settled), the accounts of the executor and administrator in the Orphans' Court are subject to revision and correction as to any matter discovered to be *in error.*" *Edelin* v. *Edelin,* 11 Md. 415; *Stratton's case,* 46 Md. 515; *Bantz* v. *Bantz,* 52 Md. 689–90. And it has just as unquestionably been held that the burden is upon the appellant to establish the fact that such *error* does exist, and that the account is unjust, false or fraudulent, or that some item thereof was improperly allowed. *Shafer* v. *Shafer et al.,* 85 Md. 554. The only contention on this appeal is, that in the first and second accounts as stated by the appellee there has been no allowance of commissions to the said Mary K. Jones, now deceased, who was in her lifetime the co-administratrix with the appellee of the said intestate. It is not contended that the appellee, by any act of hers, has stated and passed an unjust account of her administration. She did not fix the amount of the commissions, which is the sole contention here; that duty devolved upon the Court alone. The petition seeks to have the Court, long after the time when an appeal would lie, reconsider its action in fixing the commissions and reopen the accounts. Resting as this contention does upon an alleged error of the *Court itself* and not of the appellee, this Court does not feel itself justified in reopening these accounts after the time limited for appeals in such cases has

long since expired.    Mrs. Jones, the widow of the intestate,
died before she, as co-administratrix with the appellee, had
participated in the discharge to any substantial extent, of
the duties devolving upon her.    This case cannot fairly or
reasonably be likened to a case where two executors or ad-
ministrators are clothed with administrative powers in the
settlement of an estate, and *one* of them performs all the
duties equally incumbent upon both.    This question was
passed upon by this Court in *Richardson* v. *Stansbury*, 4 H.
& J. 275, where it was held that letters testamentary hav-
ing been granted to co-executors and one did all the work
in settling the estate, the other is entitled to his proportion
of commissions without abatement.    But that is not the
case which we are now considering.    In the one case the
failure to discharge his duties may have been his inability
or indisposition, attributable to perhaps numerous causes.
An entirely different state of case is presented by the record
of this case.    At almost the very threshold of her duties,
Mrs. Jones was stricken down by death and the appellee
was required to assume the burden of the settlement of the
entire estate, which she has satisfactorily done.    It was very
earnestly contended by the appellant in the argument before
us that when Mrs. Jones, as co-administratrix, qualified as
such by giving bond and entering upon the discharge of
her duties, she had a vested right in a portion of the com-
missions allowed by law, and that nothing could deprive
her of that right except some dereliction of duty.    This
statement is not an accurate presentation of the law of this
case, as it fails to take into consideration the effect produced
by the death of Mrs. Jones.    To the time of her death she
had done little or nothing of a substantial character in the
settlement of the estate, and if there had been any well
grounded apprehension of loss resulting to Mrs. Jones'
estate because of her being one of the obligors in the bond,
whilst the estate of her late husband was in course of set-
tlement after her death, by the appellee, the Court below
had ample power under sec. 2 of Art. 90 of the Code, to

grant complete indemnity and protection to her estate. The two accounts settled in the Court below by the appellee were passed by her with the full cognizance of the appellant, and this was done without protest from any quarter. The petition alleges no error in the various items of the two accounts, nor does it charge any misconduct on the part of the appellee; it merely claims that the Court below erred in allowing the entire commission to the appellee. The question then resolves itself into the inquiry, did the Court below commit any error in the allowance of the entire commission to the appellee? She became by the act of God the sole surviving administratrix of her father, having the burden and the responsibility cast upon her of discharging all of the duties which pertained to the settlement of the estate. Upon what theory then should the heirs at law of Mrs. Jones be allowed to participate in the compensation which the appellee alone had earned. No burden or responsibility rested upon any one save the appellee, and she was entitled to the commissions fixed by the Court below as shown by by her two administration accounts. We do not think the testimony in this case shows that Mrs. Jones performed any duty of sufficient importance to justify the reopening of these accounts. The motion to dismiss the appeal must be overruled for the reason that we do not consider this a case in which the Court below was called upon to exercise its discretion, but simply to correct the two accounts on the alleged ground of error, the burden of proving which was upon the appellant, and which he has failed to sustain.

For the reasons stated, we affirm the order of the Court below dismissing the petition with costs.

*Order affirmed with costs.*

(Decided January 5th, 1898).