*Jas. A. C. Bond* and *F. Neal Parke*, for the appellant.
*Guy W. Steele*, for the appellee.

———— -- ·

## MORTIMER CUMMINGS, ADMINISTRATOR, *vs.* J. FRANK ROBINSON.

*Agreement Between an Administrator Who is Sole Distributee of the Estate and His Co-Administrator, Leading to Resignation of the Latter.*

Appeal from the Orphans' Court of Baltimore City. *Affirmed.*

These same parties were before this Court at the last January term and the case was decided on April the first, nineteen hundred and two. (*Ante*, p. 83.) The contention between them then was as follows: Administration had been granted to Mortimer Cummings and J. Frank Robinson on the estate of Mary E. S. Cummings, deceased, by the Orphans' Court of Baltimore City. Among the assets of the estate was the cash sum of twenty-nine hundred dollars and fifty-five cents, on deposit in the Savings Bank of Baltimore. This money was drawn from the bank by the two administra-

tors and the sum of two thousand and three hundred dollars, being part of it, was deposited in the Fidelity and Deposit Company. Of the remaining six hundred dollars and fifty-five cents, four hundred dollars were turned over to Robinson, and two hundred dollars and fifty-five cents were retained by Cummings. There were some negotiations had between them as to Robinson's relinquishment of the administration and it appears to have been agreed that Robinson should retire, but that he should retain the four hundred dollars in compensation for claims held by him against the decedent and for his share of commissions as co-administrator. In accordance with the agreement application was then made to the Orphans' Court by Robinson for his discharge as co-administrator. It was objected that he was not entitled to be discharged until he accounted for the above-mentioned sum of four hundred dollars. Finally, however, the Court discharged Robinson without requiring him to state an account, and from a subsequent order refusing to rescind the first order the former appeal was taken by Cummings. This Court reversed the order appealed from because the provisions of *sec. 38 of Art. 93 of the Code*, had not been complied with in this, that the Orphans' Court neglected to require Robinson to state a full and particular account, under oath, of his receipts and disbursements. The record was remanded so that Robinson might be required to settle such an account before being relieved of his trust as administrator. The precise question involved on the former appeal was the regularity of the order discharging Robinson without first requiring him to state an account showing his receipts and disbursements. All that was said in the opinion of this Court had relation to that *status* of the case. So much for the former appeal. When the record went back to the Orphans' Court an order was passed directing Robinson to render "a full, complete and satisfactory account of all money or other property that has come into his hands." Thereupon Robinson did file an account wherein he charged himself and his co-administrator with the whole twenty-nine hundred dollars and fifty-five cents ; and wherein he claimed a credit for two items, viz.: Four hundred dollars paid to himself "in settlement of all claims against the estate for services rendered

deceased during her life and in consideration of waiver of right to commissions, as per agreement entered into by Mortimer Cummings and this accountant;" and two hundred dollars and fifty-five cents turned over to Mortimer Cummings, the co-administrator. Objections were filed to this account by Cummings, upon the grounds, that this Court, on the former appeal had disallowed the four hundred dollars ; that there had been no agreement made by which Cummings stipulated to allow Robinson four hundred dollars ; and also because the effect of the decision rendered by this Court was to require Robinson to surrender the four hundred dollars, paid to him in the circumstances heretofore mentioned. Three weeks afterwards Robinson filed an amended account charging himself with the same twenty-nine hundred dollars and fifty-five cents and wherein he asked a credit of six hundred dollars and fifty-five cents distributed to Mortimer Cummings as sole distributee. To this account objections were also filed by Cummings. Those objections amount to this : that the amended account is not in conformity with the opinion of this Court on the former appeal, and that the six hundred dollars never were distributed to Cummings. The amended account and objections were then set down for hearing by the Orphans' Court. At the hearing the exceptant, Cummings, offered no evidence whatever ; but Robinson proved that after he and Cummings had qualified and had entered upon the discharge of their duties as administrators, Cummings concluded that he wanted to manage the estate by himself and accordingly he asked Robinson to resign, at the same time offering him two hundred and fifty dollars as a consideration for doing so. That offer was not accepted, and after further negotiations it was proposed by Cummings that Robinson should retire and that Cummings would pay him four hundred dollars in full settlement of all Robinson's claims against the estate and in satisfaction for Robinson's share of the commissions. This proposal was accepted by Robinson. They both then went to the savings bank, drew therefrom the twenty-nine hundred dollars and fifty-five cents, and deposited twenty-three hundred dollars in the Fidelity and Deposit Company, and Cummings kept possession of the sum of six hundred dollars and fifty-five cents·

Cummings and Robinson then went to the office of Cummings' attorney, where Cummings paid Robinson the four hundred dollars, pursuant to the accepted proposal, and took from the latter the following receipt prepared by Cummings' attorney: "Received of Mortimer Cummings, individually and as co-administrator with me of the estate of Mary E. S. Cummings, deceased, the sum of four hundred dollars in full of all claims I may have against said estate as attorney for deceased during her life, or as commissions due me or may be due me as said co-administrator, it being understood that immediate application is to be made by me to the Orphans' Court of Baltimore City to be relieved from said position as co-administrator and that if such application is not successful that the said four hundred dollars is to be returned to the said Mortimer Cummings ;" signed "J. Frank Robinson." On June tenth, nineteen hundred and two, the Orphans' Court overruled the exceptions filed by Cummings, but the Court does not seem to have ratified either the original or amended account stated by Robinson. Thereupon this appeal was taken and in the order directing the record to be sent up it is stated that the appeal is from the order "dismissing the exceptions of Mortimer Cummings to the ratification of the amended account of J. Frank Robinson and affirming said amended account."

Assuming that the question as to the propriety of ratifying the amended account is actually before us, is there anything in the record to show that it ought not to have been confirmed? Cummings appears to be the sole distributee of the estate. As such he had a perfect right to make the proposal he did make to Robinson, the interests of creditors not being affected ; though it was the obvious duty of Robinson to account for all the assets which had come to his hands before he was entitled to be relieved from the duties of administrator. The account which he stated did charge him with every thing which had come to his hands. He charged himself and his co-administrator with the entire twenty-nine hundred dollars and then claimed a credit for the six hundred dollars which had been turned over to Cummings. The proof shows that the six hundred dollars were so turned over— there is no dispute about that fact—and it was further estab-

lished that, thereafter, Cummings in pursuance of the agreement between himself and Robinson, paid the latter four hundred dollars for and on account of the consideration heretofore stated. There was nothing illegal or immoral in the agreement proved. That it was made has not been denied. If made and executed, as the evidence without contradiction shows was the case, it would be highly unjust to permit Cummings to repudiate it when the results of a repudiation would be, first, to put four hundred dollars in the pocket of Cummings though he paid that identical sum to Robinson upon a consideration suggested by himself; and secondly, to trick Robinson out of his share of the commissions by inducing him to resign on the faith of a payment of money belonging to Cummings, but which he now seeks to get back. As Robinson has done precisely what this Court said he should do, viz., charge himself with the entire assets received by him—he has complied with all that it was adjudged he ought to do ; and as in taking credit for the six hundred dollars which he turned over to Cummings he has only done what he and Cummings, the sole distributee, agreed should be done, he ought not now upon the application of Cummings be required to repay Cummings the four hundred dollars which the latter freely and voluntarily paid him—especially as there is not the slightest suggestion in the evidence, either, that there is no foundation for Robinson's claim against the estate, or, that the payment was procured by fraud or deception. There is no right of any creditor involved. The contest is, in its last analysis, between Robinson and the sole distributee of the estate ; and the latter ought not to be allowed, in the circumstances disclosed by the record, to use the Courts for the purpose of aiding him in his efforts to repudiate his own agreement deliberately made and performed in the presence of his own counsel. The order appealed from will be affirmed with costs.

Opinion by McSherry, C. J., filed December 4th, 1902.

*Allan C. Girdwood*, for the appellant.
*H. K. Brooks*, for the appellee.