JOHN P. ALLEN

        VS

HARRY K. SMITH

7899

No. 7899

May 17th, 1920.

CHARLES F. CLAIBORNE, JUDGE.

Plaintiff sues to be recognized as the sole owner of certain property on Dupre Street. He avers that the property belonged to his deceased mother, and that it was inherited by him and his sister and nieces, viz: 1o Katie Allen, wife of Henry Straub, 2o Mary Loretta Allen, 3o Sidonia Allen, 4o Dora Jennie Allen, and 5o Emily Allen; that in a partition between himself and his coheirs, this property was allotted to him; that instead of making an act of partition, the Notary, Felix J. Dreyfous, made an act of sale dated January 5th, 1915; that on said date the plaintiff was the husband of Emma Hespe , widow by first marriage of George Kirby Smith, who had, by her first marriage aforesaid, one son named Harry Kirby Smith, now a resident of Los Angeles, California; that his said wife died on March 28th 1915; that while the above property appeared to form a part of the community which had existed between her and the plaintiff herein, the truth is that it formed no part thereof as it was his separate property inherited by him in the manner above set-forth; that he desired to have a judgment establishing that fact. He prayed for citation of his five coheirs above mentioned, and, through error, prayed that "George" Kirby Smith be cited through a Curator ad hoc, instead of "Harry" Kirby Smith.

Citation was addressed to "George Kirby Smith, through Richard Lyons, Curator ad hoc" and served accordingly. On February 10th, 1920 judgment was rendered as prayed for against all the five coheirs of the plaintiff; but through some unexplained reason or error, the names of George Kirby Smith and Harry Kirby Smith were both omitted from the judgment.

Whereupon the plaintiff filed a supplemental petition in which he alleged that through a clerical error the original citation had been addressed to "George" Kirby Smith instead of

570

"Harry" Kirby Smith; he prayed for leave to file an amended petition praying that "Harry" Kirby Smith be cited, and that a new citation issue accordingly.

To this supplemental petition and citation the Curator ad hoc excepted on the ground that "this proceeding having been closed by a final judgment duly rendered and signed, no supplemental petition can now be filed to revise or correct said judgment, plaintiff's remedy being by appeal."

This exception was maintained, and the supplemental petition was dismissed, by judgment rendered March 26th, 1920.

From both judgments dated February 10th and March 26th, the plaintiff took an appeal.

The case has been submitted without argument and upon plaintiff's brief alone.

The only error complained of by plaintiff and appellant is that concerning "Harry Kirby Smith", whose name was omitted from the judgment of February 10th. Plaintiff is not entitled to a judgment against him, for the reason that he was never cited. The citation addressed to "George Kirby Smith", through a curator ad hoc, could not bring him into Court. It is true that the Curator filed an answer in the name of "Harry Kirby Smith"; but the curator could not waive a legal citation, although Harry Kirby Smith might have done so if present. 1 H. D. p 5 No. 7; 28 A., 258; 33 A., 1168; 50 A., 170 (172); 23 A., 779.

It was an error to have denied the plaintiff the right to file his supplemental petition. The case had not "been closed by a final judgment", as no judgment had ever been rendered *or could have been rendered* against "Harry Kirby Amith"; until such judgment had been rendered the plaintiff was in time to correct a mere clerical error in the name of one of the litigants by a supplemental petition.

> "An amended petition may be received even after the trial has commenced, where its only object is to correct a mistake in the name of the plaintiff, e. g. by substituting "Joseph" for "John". 3 A., 139; 4 La., 298; 8 La., 298; 12 La., 9; 10 R., 431, 12 R., 140; 1 A.,136; 5 A., 576; 30 A., 1247; 42 A., 65.
>
> Where by an evident clericl error a differe nt name from that of the defendant in the suit has been inserted

571

in the prayer of the petition, the suit should not be dismissed, but leave granted to correct the error by an amendment instanter". 14 A., 609; 11 A., 420.

Amendments should always be allowed to subserve justice. 2 M., 297; 11 M., 640; 2 N. S., 625; 4 La., 298; 3 R., 123; 9 R., 83; 1 A., 254; 13 A., 412; 20 A., 251; 27 A., 316; 36 A., 785; 39 A., 102; 40 A., 609.

"An amendment of pleadings is more readily allowed than refused," 105 La., 77, "as the former is less likely to do injustice than the latter. 5 A., 566.

"The tendency of modern practice is to yield as little as possible to technicalities, and to afford aid as far as practicable to the filing of amendments, which work no injury and prevent useless delays and costs." 117 La., 320 (323).

"It has been held that amendments should be allowed to petitions even after issue joined, where they merely supply omissions in, or amplify the general allegations, or where they tend to the furtherance of justice, and do not retard the case or operate to the injury of the opposing litigant". 143 La., 413; 5 A., 674; 10 A., 599.

"The right of a litigant to amend his pleadings is highly favored when the only purpose and effect is to meet the ends of justice". 144 La., 623.

"The best principle is that an amendment should or should not be permitted to be made, as it would best tend to the furtherance of justice". 2 N.S., 627; 11 M., 640.

"Courts of the first instance have full power to sanction such amendments in the pleadings as they may deem conducive to the better administration of justice. The only positive rule they are bound to follow, is that contained in Art. 420 of the Code of Practice". 1 A., 256; 274; 4 La., 298.

"Provided the amendment does not alter the substance of his demand by making it different from the one originally brought" . C. P.,419.

It is therefore ordered that the judgment herein rendered on February 10th, 1920 be affirmed; it is further ordered that the judgment herein rendered on March 25th, 1920 dismissing plaintiff's supplemental petition be reversed and annulled; and it is now ordered that plaintiff's supplemental petition be reinstated , and that this case be remanded for further proceedings according to law, the defendants to pay the costs of appeal.

May 17th, 1920.