AUGUSTA M. CEARFOSS, EXECUTRIX *v.* C. HAROLD SNYDER, ADMINISTRATOR

[No. 57, October Term, 1943.]

*Decided December 15, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, MELVIN, ADAMS, and BAILEY, JJ.

*Albert A. Doub, Jr.,* for the appellant.

*William P. Lane, Jr.,* with whom was *David W. Byron* on the brief, for the appellee.

SLOAN, C. J., delivered the opinion of the Court.

On the 9th day of April, 1943, C. Harold Snyder, administrator of the estate of William Firey Snyder, deceased, filed in the Orphans' Court of Washington County exceptions to three accounts filed in said court on the 29th day of January, 1942, July 17, 1942, and January 29, 1943, by Augusta M. Cearfoss, surviving executrix of the estate of Jesse O. Snyder, who died February 10, 1941.

The exceptions, which are more in the nature of a petition, state that by the last will and testament of Jesse O. Snyder, Augusta M. Cearfoss was named as executrix and William Firey Snyder was named as executor, both of whom qualified on March 4, 1941. They

returned an inventory and appraisal of the estate July 3, 1941. William Firey Snyder died January 2, 1942, and ever since Augusta M. Cearfoss has been acting as sole executrix, and has filed all of the accounts. The total commissions in the three accounts amount to $7,524.70. In the account of January 29, 1943, the executrix charges herself with $75,000, and the total commissions, when the estate is fully administered, will amount to $9,-024.70, but we are only concerned here with the commissions allowed in the first account filed January 25, 1942, amounting to $3,130.37, which, after the deduction of 1 per cent. State tax, amounts to $2,817.33.

The petition prayed the passage of an order allowing the administrator of William Firey Snyder the sum of $4,000 for his services performed by his decedent as executor.

The respondent Augusta M. Cearfoss answered, stating that the Orphans' Court did not have jurisdiction to hear the matter; had no power to settle disputes between executors; that full commissions allowed by law under Article 93, Section 5, had been allowed, and the Orphans' Court could not grant additional commissions, and the petitioner was guilty of laches in presenting his claim; that William Firey Snyder failed and refused to perform his official duties as executor, and deliberately attempted to prevent, hinder, delay and impede the proper settlement of the estate, and that he "did nothing whatever to earn any compensation."

The evidence taken in this case shows that as between the executor and executrix there was no good feeling. The bachelor, Jesse O. Snyder, left the bulk, nearly all, of his estate to the executrix, who was his secretary, which the brother, his executor, resented, and his executrix returned in kind.

In her testimony, which was characterized more by bad temper than frank statements of facts, she was at pains to show lack of co-operation on the part of her co-executor, though the testimony shows that he must have co-operated in order to release mortgages, and sign other

papers which were necessary in the settlement of the estate.

Executors and administrators are compensated by the Orphans' Court under a law which limits the compensation, and the Orphans' Court cannot exceed the amount of it (Code, 1939, Art. 93, Sec. 5), and in this case in the first account filed twenty-five days after William Firey Snyder died, the limit fixed by the statute was allowed.

The books and accounts of Jesse O. Snyder were all in his office, which the executors continued to use and occupy after his death, and where the respondent remained and undertook to manage the estate. William Firey Snyder resided at Clear Spring, about twelve miles westward of Hagerstown, and it was necessary many times for the executrix to go to Clear Spring, and for the executor to go to Hagerstown.

We cannot get any other impression from this record than that if William Firey Snyder had lived there would not have been this controversy over the division of commissions. He had his own counsel, and would have done whatever they advised, and they would have given him their best judgment.

Before the executor died the executrix had prepared a first account, which she left with the Register of Wills at Hagerstown. He notified the executor to come in and sign it and swear to it. Mr. Stuart Bushong answered the request or notice of the Register, and secured a copy of it. He showed it to Mr. Snyder, who objected to signing it because it did not show any funds reserved for federal tax which they estimated would amount to more than $100,000. It accounted for $260,-509.92. A copy of this account shows Miss Cearfoss distributed to herself, after the payment of all pecuniary legacies, the sum of $142,661.

On January 25, 1942, Miss Cearfoss, as surviving executrix, filed a first account by which she distributed to herself $47,212.79. By her second account she distributed to herself $32,111.76, and by the third $138,-457.11, but we are not concerned with any but the first

account, as the petitioner has not appealed from the order of the Orphans' Court and therefore accepts it.

When Jesse O. Snyder made his brother one of his executors, he wanted him to share in the compensation, regardless of how much or how little he did. No other inference can be drawn from his designation.

With respect to the commissions no other court than the Orphans' Court has jurisdiction. *Tsaracklis v. Characklis,* 176 Md. 28, 35, 3 A. 2d 725.

In *Hohman v. Orem,* 169 Md. 634, 182 A. 587, in an opinion by Judge Parke, it was said that where there are two executors "each was * * * entitled to an equal share," and on page 639 of 169 Md., on page 589 of 182 A.: "Where there are two executors, both are equally entitled to commissions and, in the absence of any express agreement, neither can deprive the other of his share upon the ground that the party claiming the whole has performed the entire labor of settling up the estate, but by an agreement *inter sese* they may provide an unequal division * * *, or that one shall have the whole." In *Crothers v. Crothers,* 123 Md. 603, 607, 91 A. 691, where commissions were allowed the surviving executor, it was held that the estate of the co-executor, who had died was entitled to one-half. *Hohman v. Orem,* 169 Md. 634, 182 A. 587, and cases there cited.

It is not pretended that there was any agreement or understanding whereby the surviving executrix should take all the commissions; the attitude of both sides contradicts it.

The Orphans' Court of Washington County passed an order, from which this appeal is taken, allowing the administrator, William Firey Snyder, the sum of $1,-408.67. The appellant contends that the Orphans' Court had no power to make a lump sum award, but did it. The commission allowed in the first account was $2,-817.33, and the amount ordered was one-half of this; that is, it made an equal division.

The claim of laches is without merit. To be available it should have worked injury to the respondent, because her position had been so changed as to produce this re-

sult. There still remained, after the third account, about $75,000 to be administered and distributed, and the appellant can pay one-half the commissions on the first account, or take it out of the undistributed assets.

*Order of August 10, 1943, affirmed, the appellant to pay the costs.*