## CRAPO, EX'R, v. ARMSTRONG.

2. **Estates of Decedents**: EXPENDITURE FOR TOMBSTONE: DISCRETION OF CIRCUIT COURT. It is well settled that the procuring of a tombstone is a proper expenditure to be made by an executor as pertaining to the general expenses. The amount to be so expended depends on circumstances, and rests in the discretion of the circuit court having jurisdiction of the estate; and an order in relation thereto will bind all parties, unless unreasonable or excessive.

2. ——: ——: RIGHT OF WIDOW AND HEIRS. If the executor unreasonably refuses to make application to the court for a proper and reasonable allowance for a tombstone or monument, it is the unquestionable right of the widow or heirs to present the matter to the court.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, OCTOBER 17.

THE appellant, Phillip M. Crapo, is the executor of the estate of John H. Armstrong, deceased. Esther M. Armstrong is the widow of the deceased. After entering upon his duties as executor, Crapo made an application to the court for an order authorizing him to expend an amount, not exceeding twenty-five hundred dollars, in erecting a monument to the memory of the deceased upon the cemetery lot belonging to the estate. The order was made, and a monument was erected at an expense of twelve hundred dollars. After the erection of the monument, the widow filed an application in which she asked that, out of the allowance of twenty-five hundred dollars not expended, she be permitted to expend a sum not exceeding seven hundred dollars for the purpose of curbing and grading the lot in the cemetery in which decedent was buried.

There was some litigation between the widow and the heirs as to the validity of the last will and testament of the deceased. In May, 1879, a settlement between the parties was effected, by which the rights of the widow as to her share in the estate were definitely fixed. After this settlement was

made, the widow renewed her application for an allowance to curb and grade the cemetery lot. No notice of this renewed or substituted application was served upon the executor. The application was allowed, and an order entered authorizing the expenditure to be made as prayed. Afterward, the executor made an appearance in the matter, and on his motion the allowance was set aside; but the application was allowed to remain on the docket as a new application, with leave to the executor and heirs to contest it. A trial was had upon said application, and the court ordered that an allowance of five hundred dollars be made for improving and protecting the cemetery lot. From this order the executor appeals.

*P. Henry Smythe & Son*, for appellant.

*John C. Power*, for appellee.

ROTHROCK, J.—It does not appear that any objection was made to the original appropriation of twenty-five hundred dollars, by any of the parties in interest. The value of the whole estate does not appear in the record before us. It appears to be well settled that a tombstone is a proper expenditure to be made by an executor as pertaining to the funeral expenses. And such expenditure may be made without any direction by will, and notwithstanding the estate may be insolvent. *Hapgood v. Houghton*, 10 Pick., 154; *Wood v. Vandenbery*, 6 Paige, 277; *Fairman's Appeal*, 30 Conn., 205; *McGlinsey's Appeal*, 14 Sergent and Rawle, 64; *Porter's Estate*, 77 Pa. St., 43. Of course, the amount to be expended in funeral expenses cannot be the same in all cases. Such expenses should be regulated by the circumstances of the decedent, the solvency of his estate, and regard must be had to the usages of the country, and many other considerations. We think that, in the absence of any statutory provision upon the subject, the propriety of obtaining tombstones or monuments, and the amount to be expended therefor, may very

properly be left to the circuit court having the supervision of the settlement of the estate. And unless the provision thus made should appear to be unreasonable or excessive, all parties in interest should be bound thereby. In the case at bar, twenty-five hundred dollars was not thought by any of the parties to be an unreasonable expenditure for a monument. Twelve hundred dollars was expended by the executor, and he now resists the expenditure of any greater sum, not because such expenditure is unreasonable and excessive, taking into account the circumstances of the deceased, but because the widow has no right to ask that such appropriation be made. He contends that, by the settlement made by the widow in 1879, when this application was pending, she was paid two thousand dollars in full of her interest, and that whatever balance of the estate remained belonged to the heirs and legatees, and the court had no power upon her application to appropriate the money belonging to the heirs and legatees. The evidence as to whether or not the settlement of 1879 included a waiver or withdrawal of this application, is in conflict. The court was warranted in finding from the evidence that this matter of completing the improvements upon the cemetery lot was not included in the settlement. Indeed, we think the preponderance of the evidence sustains the finding of the court. Now, if this application, which was then pending, was not included in the settlement, the widow had the same right to renew it and press it to a determination that she had to make it in the first instance. That she had such right in the first instance is, it appears to us, very clear. If an executor should unreasonably refuse to make application to the court for a proper and reasonable allowance for a grave stone, tombstone or monument, we think it is unquestionably the right of the widow or heirs to present the matter to the court. In conclusion, we deem it sufficient to say that the order made by the court does not appear to us to be improper or unreasonable, and, as there is no showing that the executor has not assets in his

hands sufficient to discharge the obligation imposed upon him by the court, we think the order should be

AFFIRMED.