LUTZ v. GATES, ADMINISTRATOR.

1. **Estates of Decedents**: PAYMENT FOR MONUMENT FOR DECEASED. A suitable monument may properly be erected to the memory of a deceased person, and the cost thereof paid by the administrator out of the funds of the estate.

*Appeal from Linn Circuit Court.*

THURSDAY, DECEMBER 13.

THE defendant is administrator of the estate of G. Carpenter, deceased. The plaintiff erected a monument to the memory of the deceased, and sought in this proceeding to obtain payment therefor from the estate. Certain of the heirs at law of the deceased objected to the allowance of the claim, and upon a trial the court refused to allow the claim, and the plaintiff appeals.

*Blake & Hormel*, for appellant.

*West & Davenport*, for appellee.

SEEVERS, J.—The objection made to the allowance was not based on the ground that the monument was too expensive, or not otherwise suitable, but because the claim "is not a proper or legal claim against said estate." Only a portion of the heirs objected, and others are willing that the claim should be allowed. The deceased left a widow, who ordered the monument, and the administrator is willing to allow the

claim, and only formally resists it because of the objections of some of the heirs.

The deceased left personal property to the amount of about $3,000, and real estate of the appraised value of $60,000.

The amount of claims filed, including mortgages on the real estate, does not exceed $20,000. This includes the claim of the plaintiff. Some of the real estate has been sold at a price in excess of the appraisement. There has been set off to the widow as her distributive share about $16,000, besides the exempt property, consisting of household furniture and a horse. There will be about $22,500 to distribute among the heirs. At the time the monument was ordered, the widow consulted the administrator in relation thereto, and he gave his consent, and agreed to allow the claim and pay it out of the estate. But he did this upon the belief that the heirs would not object.

The widow consulted some of the heirs—those that were convenient—and they consented it should be paid for out of the estate. But, as we understand, there were heirs that were not consulted. There are other facts which, it is claimed, tend to show that the monument is suitable and proper, and that it should be paid for out of the estate. These are not set out, for the reason that we think the facts above stated control the question before us.

Since this case was determined in the circuit court, the case of *Crapo, Executor, v. Armstrong*, 61 Iowa, 697, has been determined by this court, and, following that case, we think the circuit court erred in sustaining the objection to the claim which was, as above stated, that it is not a proper or legal claim against the estate. The estate is solvent, and, if the charge is not a proper one against the estate, it would follow that in no case could a monument be procured at the expense of the estate.

REVERSED.