IN THE MATTER OF THE ESTATE OF FREDERICK KEMPF. FREDERICK PISTORIUS' APPEAL

*Executor's account—Cost of monument.*

An executor who had in good faith advanced money from the funds of the estate in order to enable the widow to put up a suitable monument, should have been allowed the amount on settling his accounts.

CASE made after judgment from Washtenaw. (Joslyn, J.) April 9.—April 16.

Appeal from disallowance of executor's claim. The estate had judgment below. Reversed.

*Joseph Vance* and *Frederick Pistorius* for appellant. Suitable expenditure for a tombstone is a 'proper charge against decedent's estate: Cheever's Prob. Law, 205 ; *Ferrin v. Myrick* 41 N. Y. 316 ; *Fairman's Appeal* 30 Conn. 205 ; *Crapo v. Armstrong* 61 Ia. 697 ; *Lutz v. Gates* 62 Ia. 513 ; *Hapgood v. Houghton* 10 Pick. 154 ; *Wood v. Vandenburgg* 6 Paige 278 ; *M'Glinsey's Appeal* 14 S. & R. 64 ; *Porter's Estate* 77 Penn. St. 43.

*E. D. Kinne* for appellee. An executor has no power to do more than put up a suitable gravestone unless the testator or the heirs direct more: *Lund v. Lund* 41 N. H. 355 ; *Springsteen v. Samson* 32 N. Y. 714.

CAMPBELL, J. Appellant, as executor of Frederick Kempf, deceased, contributed from the funds of the estate $175 towards enabling the widow to erect a monument at an expense of $300. The children by a former marriage, who are residuary legatees, opposed this allowance when the executor's account came up for settlement, and the probate court threw out this item. The circuit court allowed $100, but no more. The executor now appeals to this Court.

We think there can be no question of the propriety of allowing the honest payment by an executor for such a monument as is suitable to the condition of the estate and desired by the widow. A large part of the community look upon such memorials as fit and proper, and they are, within proper limits, as suitable as funeral expenses, and much more suitable than much of the funeral pomp on which money is freely expended. If a tombstone is put up, there is no reason why it should not be as neat and decent as the estate fairly warrants ; and in the present case, being done by the desire of the widow, and not at all beyond the means of the estate, the whole claim should have been allowed.

It must be certified to the circuit court that the item should be allowed in full, and the executor will be allowed his costs of these proceedings.

The other Justices concurred.