BELL & a., *Ex'rs, v.* BRIGGS, *Trustee ad litem.*

Executors may make necessary repairs upon the tomb and monument of the deceased, although a provision for such repairs, which turns out to be insufficient, was made in the will.

BILL IN EQUITY, asking direction as to the power and duty of the plaintiffs to repair a tomb in the Valley cemetery, under the will of Mary G. Gale. The testatrix by her will set apart $300, and devoted the interest and income thereof to be used in maintaining and keeping in repair the tomb in question, which was to be the place of her sepulture; and, after providing for the payment of certain annuities, gave the remainder of her estate in trust for the establishment of a Home for Aged and Destitute Females in Manchester. The tomb has fallen into decay, insomuch that the income of $300 is not now sufficient to make such repairs as are necessary for its preservation and the protection of the public health. The question is whether the executors can lawfully use such portion of the other funds in their hands as may be necessary to make the needed repairs of the tomb.

*S. N. Bell* and *N. P. Hunt,* for the plaintiffs.

*J. F. Briggs,* for the defendant.

BLODGETT, J. "Administrators of estates actually solvent may erect suitable monuments at the graves of the testators or intestates, and the reasonable expense thereof shall be allowed them on settlement of their accounts." G. L., *c.* 196, *s.* 17. This authority includes a power of doing what is reasonably necessary to be done at the expense of the estate to keep a monument in a proper condition during the time of administration, and to make it as durably suitable and sufficient as its purpose requires.

The testatrix's monument is neither suitable nor sufficient; her

estate is solvent; urgent necessity demands the proposed repairs; the statute allows the plaintiffs to make them; no decision in this state prohibits the requisite expenditure.

But without the statutory provision, the expenditure could properly be charged as funeral expenses.  *Fairman's Appeal.* 30 Conn. 205; *Wood* v. *Vandenburgh,* 6 Paige Ch. 277, 278.  This crumbling tomb is the testatrix's grave as well as her monument; and the repairs are needed for her decent and permanent burial, and for the protection of the public health.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.