PEASE, ADMINISTRATOR, *v.* CHRISTMAN.

[No. 19,834.   Filed May 27, 1902.]

EXECUTORS AND ADMINISTRATORS.—*Funeral Expenses of Decedent.*— *Tombstone.*—The reasonable and necessary cost of a tombstone or monument placed at the grave of a deceased person may be classed as a part of the funeral expenses, and paid for by the administrator out of the funds of the estate.

From LaPorte Circuit Court; *J. C. Richter*, Judge.

Action by Emma Christman against S. M. Pease, administrator of the estate of John Christman, deceased. From a judgment for plaintiff, defendant appeals. Transferred to Supreme Court, under §1337u Burns 1901. *Affirmed.*

*F. R. Liddell*, for appellant.
*J. O'Brien* and *R. B. Oglesbee*, for appellee. .

JORDAN, J.—Appellee in the lower court sought to be reimbursed out of the estate of her deceased husband, to the amount of $152, for money laid out and expended by her in the purchase of a suitable monument erected over his grave. The case was tried upon an agreed statement of facts, under which the court was requested to decide whether a claim for a monument was a valid and just one against the estate of the decedent.   The court, in consideration of the agreed statement of facts, allowed the claim in favor of appellee to the amount of $152.60, and, over appellant's motion for

a new trial, adjudged that the same be paid out of the assets of the estate of John Christman, deceased. From this judgment the administrator appeals, and assigns as error, '(1) that the complaint does not state facts sufficient, (2) that the court erred in overruling his motion for a new trial.

Counsel for appellant insists that under the facts the decision of the court in allowing the claim can not be sustained. The agreed statement of the parties discloses the following facts: John Christman died intestate in LaPorte county, Indiana, on November 2, 1896, leaving as his heirs at law appellee, his widow, and five children, each over the age of twenty-one years, consisting of three sons and two married daughters. No administration was had upon his estate until November 17, 1898, on which date appellant was appointed and qualified as the administrator thereof. After the death of said Christman, and before the appointment of the said administrator, his widow, Emma Christman, appellee herein, with the knowledge and consent of the three sons, purchased and procured from a certain dealer a monument, at the price of $152, for her deceased husband, and procured the same to be erected at his grave. The price of the monument was charged to her by the dealer of whom it was obtained, and subsequently was paid for by her. After the appointment of appellant as the administrator of her husband's estate, she filed her claim against the same to be reimbursed therefrom for the money so expended and paid by her. The statement of facts further discloses that at the time the monument was ordered there was "either an express or implied promise" by the three sons to contribute to the payment thereof, but, so far as the two married daughters were concerned there was no agreement on their part to contribute to its payment. Counsel for appellant contends that under the facts the holding of this court in the appeal of *Lerch* v. *Emmett*, 44 Ind. 331, must rule. In that case suit was brought by the ap-

pellees against the estate of the deceased at whose grave they had erected a monument for the price of $175 upon the order of the mother of the decedent, in settlement of which she had executed her own note for the price thereof. The facts in that case are not fully disclosed by the opinion, but an examination of the record reveals that the assets of the estate amounted to about $700, and that there were claims against the same, and the order or contract for the monument in dispute was made after the appointment of the administrator, and without his consent. This court held, under the facts, that a recovery against the estate could not be sustained. That case, under the circumstances, is easily distinguishable from the one at bar, and therefore is not controlling.

The statement of facts herein involved is silent in respect to the following: (1) The value of the estate left by the deceased; (2) whether the estate is solvent or insolvent; and (3) whether the monument in question was suitable to the condition in life of the deceased, and the price thereof reasonable. Hence as to these features, under the circumstances, we must presume in favor of the action of the lower court in allowing the claim. The objections made to the allowance thereof are not based on the ground that the monument was too expensive, or that it was not suitable to the station in life of the decedent, but are made wholly upon the ground that under the facts the claim can not be legally allowed against the estate. Counsel for appellee, however, contend that the claim in question must be regarded as funeral expenses, and, as she ordered and paid for the monument before the appointment of the administrator, she is entitled to be reimbursed by payment out of the assets of the estate, or in other words, that the doctrine of subrogation should be applied and enforced. If the claim in dispute were in the first instance valid and just, and one that could have been legally contracted by the administrator, and paid for by him out of the assets, certainly, then, there can be no reasonable objections

urged why appellee may not be subrogated to the rights of the dealer or party who furnished the monument. This is the doctrine recognized and asserted in *Brown* v. *Forst,* 95 Ind. 248, and *Neptune* v. *Tyler,* 15 Ind. App. 132. In the case first cited the widow of the decedent had paid certain valid claims existing against the estate of her deceased husband, and in the other case she advanced money for that purpose. In *Brown* v. *Forst, supra,* this court said: "Her right to recover against the estate in such case rests in the doctrine of subrogation, and derives no force from any contract with the executor or administrator." At common law the necessary funeral expenses of a deceased person were required to be paid out of the assets of his estate, in preference to all other claims. 11 Viner's Abr., 432. The statute of this State relating to the estates of decedents prescribes that the debts and liabilities of a solvent estate shall be preferred and paid in the following order: (1) Expenses of administration; (2) the expenses of the funeral of the deceased, etc. §2534 Burns 1901, §2378 Horner 1901. By this statute it is certainly made the duty of an executor or administrator of a solvent estate to pay the reasonable and necessary funeral expenses of his decedent out of the assets of the estate in the order and priority prescribed. The question then is, can the reasonable and necessary cost of a tombstone or monument placed at the grave of a deceased person be classed and considered as a part of his funeral expenses? That this question should be answered in the affirmative is settled, and properly so, by many decisions of the highest courts of sister states. *Ferrin* v. *Myrick,* 41 N. Y. 315; *Fairman's Appeal,* 30 Conn. 205; *Bendall* v. *Bendall,* 24 Ala. 295, 60 Am. Dec. 469; *Van Emon* v. *Superior Court,* 76 Cal. 589, 18 Pac. 877, 9 Am. St. 258; *Crapo* v. *Armstrong,* 61 Iowa 697, 17 N. W. 41; *Moulton* v. *Smith,* 16 R. I. 126, 12 Atl. 891, 27 Am. St. 728; *Webb's Estate* 165 Pa. St. 330, 30 Atl. 827, 44 Am. St. 666, and cases

cited; *Lutz* v. *Gates,* 62 Iowa 513, 17 N. W. 747; *Pistorius' Appeal,* 53 Mich. 350, 19 N. W. 31; *Griggs* v. *Veghte,* 47 N. J. Eq. 179, 19 Atl. 867; *Bell* v. *Briggs,* 63 N. H. 592, 4 Atl. 702; 2 Woerner Am. Law of Administration. §358.

In the appeal in *Webb's Estate, supra,* the court said: "In any event the act of burial includes all the usual incidents of decent burial, of which one, at least, is the erection of a suitable tombstone." It certainly can not be asserted that the mere fact that a tombstone or monument to mark the last resting place of the deceased was erected at the grave after the burial will result in making it any less an item incident to such burial. Of course, where the estate of the deceased is insolvent, a stricter rule prevails in the allowance of funeral expenses than is enforced where the estate is solvent. The rights of creditors of insolvent estates are of more regard than those of the next of kin of the deceased, and the rule in such cases is to allow no more to defray funeral expenses than is necessary and reasonable under all of the circumstances. In the determination of that question, however, the rank or condition in life of the deceased is a factor to be taken into consideration by the court. The rule that, in the eye of the law, one must be just before he is generous applies with equal force to his estate after his demise, or, in other words, as asserted by some of the authorities, "Dead debtors must not feast to make their living creditors fast." In the absence of any statutory restriction to the contrary, the amount to be allowed against the estate of a decedent for the cost of a tombstone or monument or other funeral expenses is, as a general rule, a matter to be left under all of the circumstances in each particular case, to the sound discretion of the probate court, the abuse of which discretion will be subject to review on appeal to a higher court. The question in respect to the necessity for the amount expended or incurred, and the reasonableness of the price charged for the articles or thing furnished

is one which is always open to the inquiry of the probate court. In the appeal of *Galvin* v. *Britton,* 151 Ind. 1, 11, we affirmed the rule that the circuit courts of this State, in the exercise of their probate jurisdiction, had the right to determine equitable questions as well as legal ones, when properly presented, and to award all necessary relief, whether legal or equitable. Under the facts in the case at bar, the lower court had the power, and was fully justified in subrogating appellee to the rights of the party to whom she paid or advanced the money for the monument in dispute, and the allowance of her claim against the estate of appellant's decedent was right.

While the complaint in this case is somewhat brief in its averments, still it must be held sufficient to withstand appellant's challenge under his assignments of errors. There is no error, and the judgment is therefore affirmed.