## Jaqua, Administrator, *v.* Gray.

[No. 7,602.   Filed May 12, 1910.]

1. Executors and Administrators.— *Funeral Expenses.— Monuments.*—The cost of a suitable monument at the grave of the decedent constitutes a proper item of the funeral expenses chargeable to his estate.   p. 25.

2. Executors and Administrators.— *Funeral Expenses.— Monuments.—Discretion.*—A petition by an administrator for the use of funds in the erection of a mausoleum at the grave of the decedent is addressed to the discretion of the court, whose decision is reviewable only in case of an abuse thereof.   p. 25.

3. Executors and Administrators.—*Funeral Expenses.—Mausoleum.—Abuse of Discretion.*—The denial of an administrator's petition to be permitted to erect a family mausoleum to cost $5,600 in honor of decedent's family, but not at decedent's grave, is not an abuse of the court's discretion.   p. 26.

From Probate Court of Marion County (8,517); *Merle N. A. Walker,* Judge.

Petition by Edwin S. Jaqua, as administrator of the estate of Bayard Gray, deceased, to which John Gray and others object. From an order denying the prayer thereof, the administrator appeals. *Affirmed.*

*Frank B. Jaqua* and *Morton S. Hawkins,* for appellant.
*John T. Lecklider* and *David A. Myers,* for appellee.

Rabb, J.—Appellant, Edwin S. Jaqua, as administrator of the estate of Bayard Gray, deceased, filed in the court below a petition asking leave of court to expend the sum of

Jaqua *v.* Gray—46 Ind. App. 24.

$5,600 of the funds of the estate in the erection of a mausoleum in honor of the Gray family, of which the decedent was a member. The court refused to grant the prayer of the petition, and the administrator appealed from this order.

It is appellant's contention that the erection of a suitable monument in memory of decedent is a proper part of the funeral expenses, for which the estate is legally chargeable, and therefore it was the duty of the court below to direct the expenditure prayed for.

There is no question but that the court may properly allow, as a legitimate part of the funeral expenses, a claim against a decedent's estate for the erection of a suit-
1. able monument at the grave of decedent. *Pease* v. *Christman* (1902), 158 Ind. 642, and cases cited.

But this is not a claim presented against the estate. It is a petition by the administrator, who is an officer of the court, and appeals to the discretionary powers of the
2. court with reference to expenditures to be made by such officer. It is no part of the duty of an administrator to bury decedent. Liabilities for funeral expenses are charges raised up and imposed by law against the estate, upon the ground of public policy, and are supposed to be incurred after the death of decedent, and before the appointment of an administrator of the estate.

The administrator is appointed to administer upon the goods and chattels of the estate, to collect the assets and convert them into money, and to pay its debts. It may well be doubted whether the action of the court in refusing to grant the prayer of the petition of its officer to authorize him to do an act and to expend money of the estate, which the law and his duties do not require him to do, is reviewable in the Appellate Court. Clearly it cannot be reviewed except for an abuse of discretion. None is shown in this case.

The petition asks the court to authorize the erection of a family mausoleum in honor of the Gray family; not a monu-

ment at the grave of decedent, or to his memory alone, and at a place, not of the decedent's choosing, nor where his body lies buried, but upon the family burial plat of the Gray family, far removed from the decedent's grave.

From what is averred in the petition, it may well be inferred that if a monument were erected in honor of the Gray family the estate of other deceased members of the family should justly contribute to its construction.

Judgment of the court below affirmed