AUGUSTUS C. CROTHERS, Surviving Executor of
Charles C. Crothers, Deceased,

vs.

EMERSON R. CROTHERS and OMAR D. CROTHERS,
Executors of Austin L. Crothers, Deceased.

*Executors: duty of—; commissions; death before administra-
tion of testator's estate; completion of administration.
Guardian and ward: segregation of funds; payment
by guardian; presumptions. Decedents' es-
tates: funeral expenses; headstone.*

Where one of two executors dies before the estate of their
decedent is administered, the duty of filing the accounts and
of completing the administration rests upon the surviving ex-
ecutor, and not upon the executors of the deceased executor.
                                              pp. 605-606

The commissions to the surviving executor are in full com-
pensation, so far as the estate of the deceased is concerned, for
the entire administration of his estate.                p. 607

In such a case, if the executors of the deceased executor state
the account at the instance of the surviving executor, they are
entitled to a reasonable compensation for their services, but not
to commissions upon the estate of the original decedent.     p. 606

The payment, in such a case, to the executors of the deceased executor for the account of the decedent's estate prepared by them, at the instance of the surviving executor, must be by the surviving executor himself, and can not be charged to the estate.

p. 607

Where a decedent's estate is solvent, the cost of a suitable stone to mark the grave is properly allowable as a part of the funeral expenses; but such expenditure must not be disproportionate to the size or amount of the estate, or unsuitable to the condition in life of the decedent.　　　　　p. 608

Where the net amount of an estate was only $4,000, an expense of $1,675.00, which was between 15 and 20 per cent. of the gross amount of the estate, for a tombstone and curbing for the burial lot was *held* to be grossly disproportionate.　　p. 608

What would be a proper and reasonable amount is a matter for the sound discretion of the Orphans' Court.　　　　p. 608

It is the duty of a guardian to keep separate all guardianship funds, and in the absence of proof to the contrary, a court will not assume that the guardian has mingled the ward's funds with his own.　　　　　　　　　　　　　p. 610

*Decided June 25th, 1914.*

Appeal from the Orphans' Court of Cecil County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, URNER and STOCKBRIDGE, JJ.

*William T. Warburton* (with whom was *Henry A. Warburton* on the brief), for the appellant.

*William S. Evans* (with whom was *James F. Evans* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

There are four questions raised by the present appeal. Each will be understood, as well as the principle of law controlling it, without a repetition of all the facts incident to the administration of the estate of Charles C. Crothers, and which will be found in the first appeal in this case, reported in 121 Md. 114.

After that decision had been rendered and the case remanded to the Orphans' Court of Cecil County, the executors of Austin L. Crothers, the deceased executor of Charles C. Crothers, produced in that Court in compliance with the prayer of the petition of the surviving executor of Charles C. Crothers, an account of the administration of the estate of said deceased by Austin L. Crothers and as directed by this Court the vouchers for the payments for which allowance was claimed in the account. To the allowance of four of the credits so claimed exceptions were filed by Augustus C. Crothers, the surviving executor of Charles C. Crothers, and from the rulings of the Orphans' Court thereon, the first appeal in this record was taken.

The first issue presented is the right of the appellees to be compensated by way of commissions upon the statement and filing of the account. It arises under the following circumstances. At his death Charles C. Crothers left as his executors, his two brothers, Augustus C. Crothers and Austin L. Crothers, since deceased. The active duties of administration appear to have been performed by Austin L. Crothers from the time of the death of the original testator in 1897 down to his own death in 1912, with but a single exception, the execution of a release for a legacy given to John L. Crothers and which recites the payment of it as made by the appellees. Commissions as provided for by the statute are the compensation allowed to an executor or administrator for services performed in the settlement of the estate of a deceased person, not merely for the statement of an account of the administration and where one of two joint admin-

istrators or executors dies, it is the plain duty of the survivor to complete the administration which has been begun. It was not an obligation which devolved on these appellees as executors of a deceased executor, *Haslett* v. *Glenn*, 7 H. & J. 23; nor does it present the contingency provided for in Article 93, Section 11 of the Code (1912) by which an administrator of a deceased administrator is required to state an account of the administration of his decedent. Any allowance to these appellees as commissions was without warrant of law, and cannot be sustained.

There are, however, certain special and unusual circumstances surrounding this case which cannot be ignored. By his petition the surviving executor shows that for fifteen years he paid no attention to the performance of his duties as executor, duties which rested on him in no less degree than on his co-executor, and it was not until after the death of his co-executor, Austin L. Crothers, that he roused himself, and even then the impelling motive seems to have been less the proper discharge of his obligations as executor, than the belief that he had not received full payment of a legacy left to him by the will of C. C. Crothers. In that petition he asked that the appellees be required to file, "a full, itemized and detailed statement of the assets belonging to said estate, the amount that has been distributed, and the amount or amounts still due and owing any of the devisees or legatees under the will of the late Chas. C. Crothers." While not in terms a prayer to require the statement of an account it was such in effect. The appellees were thus brought into Court to perform an act at the instance of the surviving executor which was part of his duty in his representative capacity, and which the appellees were under no legal obligation to voluntarily perform. Having done this at the instance of the appellant they are entitled, not to commissions upon the estate of Charles C. Crothers, but to a just and reasonable compensation for the services performed. The charge for such service is not one properly to be borne by the estate of

Charles C. Crothers. The commissions to be allowed upon
the passing an account by the surviving executor are full
compensation so far as the estate is concerned for the entire
administration, and of such commissions the estate of Austin
L. Crothers will be entitled to one-half. *Richardson* v.
*Stransbury,* 4 H. & J. 275. The appellees were, in their
capacity as executors, under no legal obligation to make up
the account stated by them, at the instance of the appellant,
hence the compensation for such statement of account will
be payable by the appellant personally, to the appellees per-
sonally.

2. By the account presented, the estate of Charles C.
Crothers amounted to the sum of $10,397.68, and after the
payment of all creditors of the deceased, and the expenses
of administration there remained a balance of $4,332.81.
The estate was, therefore, solvent. Among the items for
which allowance was asked was the curbing of the cemetery
lot and the erection of a monument at a cost of $1,675, and
to this allowance exception is taken. The view pressed upon
the Court is, that Austin L. Crothers had assumed to do this
individually, and not as executor, and that unless such ex-
penditure is authorized by the will of a deceased, it can only
be allowed in conformity with statutory authority. The evi-
dence of the individual assumption of this expenditure by
Austin L. Crothers is too nebulous to sustain any conclusion
of fact. The statutes of this State do not expressly or as
a part of the proper funeral expenses, make any provision
for a tombstone. A somewhat similar claim was disallowed
in *Stonesifer* v. *Shriver,* 100 Md. 24. That case, however,
did not decide the point now in issue. There the question
was how far a husband was liable individually for the burial
expenses of his wife, and how far they might be charged
against her separate estate, and the decision dealt only with
the legal liability of the estate of a married woman, holding
that *if* the erection of a tombstone was to be regarded as an
essential part of the burial expenses, it constituted one of

the necessaries for which the husband was legally liable. In a number of States an allowance for tombstones as part of the funeral expenses is made by statute, of which Kentucky, Massachusetts, New Hampshire and Rhode Island are examples.

In the case of an estate which is insolvent, the decisions are not harmonious; such allowances were sustained, *In re Rooney*, 3 Redf. 15, and *Phillips* v. *Duckett*, 112 Ill. App. 587; but disallowed in *Burbridge* v. *Rogers*, 7 Ky. L. Rep. 42, and *In re Villee's Estate*, 9 Lanc. L. Rev. 353.

But where an estate is solvent, by an almost unbroken line of decisions it is held that even without statutory provision to that effect, the cost of a suitable stone to mark the grave of a deceased is properly allowable as a portion of the funeral expenses, but such an expenditure must not be disproportionate to the amount of the estate, or unsuitable to the condition in life of the deceased. *Hatchett* v. *Curbow*, 59 Ala. 516; *Van Emon* v. *Tulare Co. Court*, 76 Cal. 589; *Crapo* v. *Armstrong*, 61 Iowa, 697; *Spire* v. *Lovell*, 17 Ill. App. 559; *Pistorius' Appeal*, 53 Mich. 350; *Laird* v. *Arnold*, 42 Hun. 136; *Ferrin* v. *Myrick*, 41 N. Y. 315; *In re Webb's Estate*, 165 Pa. 330. See also notes in *Fogg* v. *Holbrook*, 33 L. R. A. 666 and *Kroll* v. *Close*, 28 L. R. A. (N. S.) 574.

In the present case we find an allowance asked for between fifteen and twenty per cent of the gross amount of the estate for curbing of cemetery lot and erection of monument, and it calls for no discussion to determine that the amount asked is grossly disproportionate to the estate of Charles C. Crothers. What would be a proper allowance is not a matter for this Court to determine. That rests in the exercise of the sound discretion of the Orphans' Court of Cecil County, upon such evidence produced to it as it shall deem requisite. Some aid may be derived from the amounts allowed in other cases, but it would be inappropriate for this Court to make suggestions since each case is and must be dependent upon its own particular facts.

It further appears that the appellant made no objection to this expenditure when made, and having been silent then, so far as appears from the evidence, he ought in equity and good conscience after this long lapse of time and when death has forever closed the lips of the active executor, to be estopped from repudiating this charge against the estate. By the will of Charles C. Crothers sundry pecuniary legacies were given. In the account as stated by these appellants, allowance is asked only for a percentage of the sums so bequeathed, while the releases offered in evidence recite the payment of the full amounts. If the only person to be affected by the disallowance of this item, or any part of it, was Augustus C. Crothers it would be eminently proper to hold him estopped from questioning this allowance, but as others may be affected who are not similarly chargeable with laches, it is proper that the Orphans' Court should have before it, if possible, evidence as to the amounts actually received by the legatees, and if it shall appear as a fact that any of them, other than Augustus C. Crothers did not receive the full amount of their respective legacies, then the allowance for a tombstone should be reduced to a just and reasonable amount, proportionate to the size of the estate, and with due regard to the condition in life of the deceased.

3. The third item, to the allowance of which exception is taken, reads as follows:

"For amount paid William A. McNamee, ward, Chas. C. Crothers, guardian, per voucher, $777.13."

The facts out of which this arises, so far as shown by the record are, that on January 6th, 1897, Charles C. Crothers became guardian of William A. McNamee. Later in the same year Mr. Crothers died, and the "first and final" guardianship account was passed in June, 1901, by Austin L. Crothers, one of the executors of Charles C. Crothers. The estate accounted for amounted to $777.13, of which sum $509.39 was allowed for disbursements made and a balance shown to be due the ward of $267.74. On the 17th of August

of the same year, 1901, W. A. McNamee executed a release to "Charles C. Crothers, guardian, his heirs, executors and administrators" for the entire amount of the guardianship estate. In the account Austin L. Crothers charged himself "with the amount due ward in hands of Charles C. Crothers, former guardian." As it was the clear legal duty of Mr. Crothers as guardian to keep separate all guardianship funds in his hands, and not commingle them with his own individual property, in the absence of evidence tending to show such commingling the Court must assume that he did that which it was his legal duty to do, and to interpret the entry in the guardianship account, already quoted from, as meaning that this guardianship fund came to the hands of the executors of the guardian plainly ear-marked, and was by him paid over to the ward in 1901 upon his arrival at age. The record contains no proof to show any condition of facts different from that which the law imputes, and this item cannot be allowed upon the proof contained in this record, as a payment made by Austin L. Crothers out of the individual property of Charles C. Crothers.

4. The allowance asked of an item of $169.25 paid Heister Hess, administrator. *d. b. n.* of estate of Robert Johnson, is in a similar position. Charles C. Crothers had been appointed administrator of Robert Johnson in 1895. On the 17th August, 1897, he passed an account in which $263.25 was retained to meet a certain claim. Six months later, in February, 1898, a release was executed to the executors of Charles C. Crothers by the administrator *d. b. n.* of Robert Johnson for $169.25. There is no evidence with respect to this payment that there had been any commingling by Charles C. Crothers of his own funds with those held by him as administrator, and the inference from the facts given is that there had been no such commingly, as no allowance is asked for $94, the difference between the amount retained by the administration account, and that paid over to the administrator *d. b. n.* On the contrary the natural inference is

that the claim for which $263.25 was retained at the time of passing the account, had been settled by a payment of $94, and the balance turned over to the administrator *d. b. n.* This allowance should, therefore, under the proof now before us have been rejected.

Inasmuch as this case will have to be remanded to the Orphans' Court of Cecil County, in order that the parties may take further testimony, if they so desire, in regard to the second item considered in this opinion. it will be proper to permit the appellees to take further evidence with regard to the third and fourth items, and show, if they are able, the actual source from which the money was derived to pay William A. McNamce and Heister Hess.

There is a cross-appeal in this case by the executors of Austin L. Crothers from the refusal of the Orphans' Court of Cecil County to allow a payment of $750 to be charged as a payment on account of a pecuniary legacy of $3,500 given by Charles C. Crothers to Augustus C. Crothers. The latter's claim is, that while he received a check for this sum it was not intended as a payment on account of the legacy, but was given for the purpose of paying the bill of Dr. W. S. Halstead for an operation performed on Charles C. Crothers. That such was the fact is directly testified to by Mrs. A. C. Crothers, and there is no sufficient evidence in the record to overcome this. The action of the Orphans' Court in respect to this item will accordingly be affirmed.

> *Order affirmed in part and reversed in part, and cause remanded for further proceedings, costs to be paid out of the estate.*