In the Matter of the Estate of MARY A. LESTER, Deceased.

**EXECUTORS AND ADMINISTRATORS:** Funeral Expenses—What
Constitutes—''Monuments''—Nursing—Preferences.    A monu-
ment is not strictly a ''funeral expense'' within the meaning of
Sec. 3347, Code.  A claim for ''nursing'' deceased during the
last sickness, under the same section, is to be preferred to a claim
for a monument.  Therefore, the court in an insolvent estate
properly ordered the payment of a claim for nursing before per-
mitting an expenditure for a monument.

*Appeal from Wapello District Court.*—HON. F. M. HUNTER,
Judge.

FRIDAY, FEBRUARY 12, 1915.

THIS is a proceeding in probate for an order authorizing
the administrator to expend $125.00 for a monument for
deceased.  The court granted the order for a monument in
the sum of not to exceed $100.00, but provided that before
expending said amount for that purpose the administrator
should first pay all funeral expenses and the expenses of the
last sickness of the deceased, which should include the sum
of $156.00 of the $363.00 claim allowed by the court in favor
of Rachel Mead, so far as the administrator has assets in
his hands.  The administrator, E. M. Lester, appeals.—
*Affirmed.*

*Tisdale & Heindel,* for appellant.

*Steck & Steck,* for Objector, Rachel Mead, appellee.

PRESTON, J.—Appellant is the son and only heir at law
and the sole beneficiary under the will of deceased.  The show-

ing is that the assets consist of $280.00 in money and a small amount of household goods; that the indebted-

**1. EXECUTORS AND ADMINIS- TRATORS: funeral ex- penses: what constitutes: "monuments:" nursing: pref- erences.** ness against the estate and admitted claims amount to about $140.00; but that in addition to such claims is the claim of Rachel Mead, which was allowed in the sum of $363.00; $156.00 of the Rachel Mead claim was for nursing the deceased, as we understand the record, and we do not understand appellant to dispute that fact. The objector, Rachel Mead, filed written objections to the granting of the order because the administrator is the son of decedent and had received from his mother, the deceased, all the real estate she owned, of the value of from $1,000.00 to $1,200.00, as she says, and for the further reason that the application is not made in good faith, but made for the purpose of preventing Mrs. Mead from making any part of her claim.

The testimony of the administrator shows that the house and two lots deeded to him about 1910 were estimated to be worth from $600.00 to $700.00. The administrator has paid out about $8.00 or $9.00 for witness fees and $5.30 for the funeral dress. The funeral expenses were $90.00. There was also a claim filed for digging a grave, and a livery bill. The total claims filed amount to about $685.00, including the allowance of objector's claim. The funeral expenses have not been paid, nor has anything been paid on Mrs. Mead's claim. The estate is insolvent. The administrator, as a witness, admits that there is feeling between himself and his aunt, Mrs. Mead, because of her coming to nurse his mother.

The contention of the appellant is, that the cost of a monument is a part of the funeral expenses under the statute, and that the court should not have preferred Mrs. Mead's claim, or a part of it, as ahead of the expense for monument; that if there is not money enough to pay all the funeral expenses they should be prorated. We have no argument for appellee. Appellant cites a number of cases from this and other states in support of his claim, among them: *Hap-*

*good v. Houghton,* 10 Pick. 154; *Ferrin v. Myrick,* 41 N. Y.
315; *Fairman's Appeal,* 30 Conn. 205. In the *Hapgood* case
the question determined was one of pleading, and the *Ferrin*
case arose on the question of a contract for funeral expenses.
In the *Connecticut* case it was held that tombstones are
properly a part of the funeral expenses, but it was said by
the court in that case: ''We do not intend to hold that an
administrator or executor may procure them (tombstones) in
all cases at the expense of the estate. If the estate is solvent,
we think he should consult the heirs, and have the advice and
approbation of the court of probate. If it is insolvent, they
certainly should not be obtained without that advice and
approbation. In the absence of specific legislation the pro-
priety of obtaining them, and at what expense, may properly
be left to the court.'' *Webb's Estate,* 165 Pa. 330; *Barclay's
Estate,* 11 Phila. 123; *Porter's Estate,* 77 Pa. St. 43, are cited
on the proposition that an allowance for the expense of a
suitable tombstone over the grave of decedent is a legitimate
item of credit in the account of an executor. *Laird v. Arnold,*
42 Hun. 136; *Re Shipman,* 82 Hun. 108, are cited to sustain
the proposition that the cost of a suitable monument is
properly allowed the administrator as a part of the funeral
expenses.

In Kentucky, such is made a part of the funeral expenses
by statute. *Hespen v. Hespen,* 31 Ky. L. Rep. 1328 (105
S. W. 99).

In *Bendall v. Bendall,* 24 Ala. 295, 60 Am. Dec. 469, it
is held that the cost of a tombstone, if not prejudicial to
creditors, or disproportioned to the estate, is properly allowed
as a part of the funeral expenses.

But it was held in *Hisem v. Lemel,* 19 La. (O. S.) 425,
[10 La. 261], that the cost of erecting a tomb was no part of
the funeral expenses. See also: Note, 33 L. R. A. 666, 28 L.
R. A. (N. S.) 572, and note; 18 Cyc. 439.

Our statute provides that as soon as the executor or
administrator is possessed of sufficient means over and above

the expenses of administration, he shall pay off the charges of the last sickness and funeral of deceased, and next, any allowance made by the court for the maintenance for the widow and minor children. Code Sec. 3347. Under this statute, it has been held by this court, in *Crapo, Executor, v. Armstrong,* 61 Iowa 697: "That a tombstone is a proper expenditure to be made by an executor as pertaining to the funeral expenses, and that such expenditure may be made without any direction by will, and notwithstanding the estate may be insolvent. . . . We think that in the absence of any statutory provision upon the subject, the propriety of obtaining tombstones or monuments, and the amount to be expended therefor, may very properly be left to the circuit court having the supervision of the settlement of the estate." And in *Lutz v. Gates,* 62 Iowa 513, 514, it is held that a suitable monument may properly be erected to the memory of a deceased person and the cost thereof paid by the administrator out of the funds of the estate. In *Mullinnix, Adm'r., v. Brown,* 151 Iowa 468, at 475, it is held that the cost of a suitable monument for one deceased is as properly chargeable against his estate as are the funeral expenses; and that lands may be sold in the absence of a personal estate to meet such claims. Appellant also cites *Foley v. Brocksmit,* 119 Iowa 457, where the court said, referring to funeral expenses: "The law with reference to such matters is well settled and generally understood. Such charges are not, strictly speaking, debts due from the deceased, but charges which the law out of decency imposes upon his estate. And so far as these are reasonable in amount they take legal priority of all such debts; as likewise do the administration charges."

But there was no question in regard to a monument in that case. There can be no question as to the propriety of the allowance of such a claim. Some of the cases outside of Iowa, while holding that the cost of a monument is proper funeral expense, do not decide the point that they are such so as to be a preferred claim ahead of other creditors, and

none of the Iowa cases so hold. The *Crapo* case, *supra,* seems to hold, inferentially, at least, that such a claim would not come under the statute quoted.

We are of opinion that, while such an expenditure pertains to the funeral expenses, it is not such strictly and so as to come within the provisions of the statute referred to, but we think it may be made so by the court within its sound discretion. One hundred fifty-six dollars of Mrs. Mead's claim, being for nursing, would be a, preferred claim as expense of the last sickness, under the statute. The court did not err in requiring the administrator to pay that much of her claim before using any of the funds in his hands to erect a monument. It follows, then, that the order of the district court was right, and it is—*Affirmed.*

DEEMER, C. J., EVANS and WEAVER, JJ., concur.